[Civ. No. 3603.   Fourth Dist.   June 20, 1946.]

J. H. WOOF, Appellant, v. JOSEPHINE WOOF, Respondent.

George A. Malette for Appellant.

Noon & Noon and Charles A. Brinkley for Respondent.

BARNARD, P. J.—This is an appeal from an order modifying all former orders with reference to the custody of the minor son of the parties to the action.

On August 31, 1938, an interlocutory decree of divorce was entered in favor of the wife. Among other things, this decree awarded the wife custody of the child during the school year and gave such custody to the father during the summer vacation months of each year. By orders entered on December 23, 1938, and March 17, 1939, this order for custody was modified by allowing the father to also have the child from 5 p. m. Friday evening to 6 p. m. Sunday evening through the school months, with the exception of the first weekend in each month. A final decree of divorce was entered on September 1, 1939, which confirmed the order for custody as contained in the interlocutory decree, as thus modified. So far as shown by the record, the order respecting custody was not again modified or changed prior to the making of the order here appealed from.

It appears, however, that on April 18, 1939, the husband filed an affidavit in this case alleging, on information and belief, that the mother had left the jurisdiction of the court and had taken the child to Texas, and requesting the court to make an order awarding custody of the child to him. On April 25, 1939, this motion to award the sole custody of the child to the father came on for hearing in the original case, the mother neither being present nor represented by counsel. There is no showing that service was made on anyone. The court then made an order adjudging the child to be a ward of the juvenile court and directing a probation officer to take such steps as might be necessary to locate the child and bring it within the jurisdiction of the court. Not only does it appear that this order is void on its face, but it neither purports to modify any preexisting order in this action, nor to change the actual custody of the child.

While no further orders were made, as far as the record shows, the father seems to have obtained possession of the child at some time and in some manner which does not appear. And on July 20, 1942, the mother filed notice of a motion to have the court modify its order of April 25, 1939, and to have the custody of the child awarded to her. On August 6, 1942,

after a hearing thereon, a minute order was entered denying the motion ''as per the order to be signed and filed herein hereafter.'' No such order was signed or filed.

On February 3, 1945, the wife filed an affidavit alleging certain facts material to the custody of the child, who was then 10 years old, and asking for an order awarding custody to her. An order to show cause was issued and a hearing was held on May 10, 1945, with all parties present. On May 12, 1945, the court signed and entered an order modifying the interlocutory and final decrees ''and all orders made subsequent thereto'' by awarding the custody of the child to the father during the school months of each year, and awarding the custody to the mother ''during the school vacation months of each year and during the Christmas school vacation period of each year, until the further order of the court.'' From this order the father has appealed, although it is more favorable to him than the order theretofore existing.

As grounds for appeal the appellant contends that the trial court arbitrarily made the order appealed from without receiving any evidence, and that there is no evidence of any change of circumstances which would justify a modification of the preexisting order.

In support of the first point it is argued that this matter was transferred by the presiding judge to another department for trial as a contested matter, and that this procedure is entirely different from matters set on the law and motion calendar, which are heard on affidavits. On May 9, 1945, the cause was transferred by the presiding judge to another department for trial. A rule of court provided that motions should be heard on affidavits unless the judge permitted oral testimony. The trial judge not only had before him the affidavit filed by the respondent in support of her motion, but he invited oral evidence. The affidavit filed by respondent was not denied in any way, either by affidavit or orally, and no evidence material to the controversy was offered by the appellant or rejected by the court. After some argument and one implied offer of certain testimony which, with the consent of counsel for the respondent, the court stated would be accepted as a fact, and after the trial judge had twice asked if there was any further evidence to be offered, the matter was submitted. It clearly appears that the trial judge did not act arbitrarily in the matter, that a full hearing was had, and that the appellant had ample opportunity to produce evidence, if any he had.

■ There is some evidence of change of circumstances. It appears, without dispute in the record, that since the last previous modification of the custody order the respondent has remarried; that since November, 1943, she has been living in a house in San Diego; that she has a suitable home with adequate accommodations; that her husband is willing and desirous of having the child in their home; that she is not now employed but is devoting her entire time to her home duties; that she has not seen the boy in months; that the boy is living with a stepmother at Lemon Grove, in San Diego County; that the father is working and residing in Los Angeles; and that the child is neither happy nor content in living with his stepmother. This evidence is sufficient on that point, and no abuse of discretion appears. (*Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719].)

The order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.