[Civ. No. 4364. Fourth Dist. Mar. 21, 1952.]

NAN ANDERSON, Respondent, v. JOHN QUINCY ANDERSON, Appellant.

Waldo R. Bergman for Appellant.

Dorris, Fleharty & Phillips for Respondent.

BARNARD, P. J.—On August 12, 1948, the plaintiff secured an interlocutory decree of divorce on the ground of extreme cruelty. The defendant had defaulted and the decree, among other things, gave the plaintiff the care, custody and control of the couple's daughter, then 2 years old. A final decree was entered on August 26, 1949, containing the same provision by reference.

On February 28, 1951, the appellant filed an affidavit in support of his motion for a modification of the custody provision, and asked that custody be given to him, alleging unfitness on the part of the plaintiff.

The matter was heard on March 20, 1951. The plaintiff presented the affidavits of six persons, including her own. The court heard oral testimony, the defendant and four witnesses testifying in his behalf and the plaintiff testifying in her behalf. The court then gave the parties time in which to file further affidavits. On March 23, the plaintiff filed affidavits by five other persons. On March 30, the defendant filed six affidavits, including that of one person who had given oral testimony. On April 4, the plaintiff filed an answering affidavit. Thereafter, the court found that the plaintiff is a fit and proper person to retain such custody; that the interests of the child would be best subserved by not modifying the previous order; that no cause exists for such a modification; and that it would be detrimental to the welfare of the child to presently modify the custody provision. An order was made denying the modification requested, discharging the order to show cause, and ordering that the custody remain in the plaintiff. The defendant has appealed from this order.

The appellant first contends that the court erred in refusing to admit evidence as to conditions existing at the time of the divorce decree. In this connection, appellant had offered in evidence "a transcript of the evidence heard in the divorce action," for the purpose of showing "the grounds upon which the court granted the divorce." This offer of evidence was denied. It is argued that "the original agreement for custody was made without advice of counsel"; that the proffered evidence was necessary in order to show a change in circumstances and to enable the court to

"evaluate the relative conditions of the parties"; and that the rejection of this evidence deprived the appellant of an important element of his proof. The reason for granting the divorce to the respondent was immaterial except as it may have been adverse to the appellant, no offer of proof was made, and nothing was said which would indicate that the transcript contained any evidence material to the motion before the court. Neither error nor prejudice is disclosed by the record.

The appellant next contends that the court abused its discretion by deciding the matter upon affidavits alone, and that the oral testimony which was presented establishes that the change in custody here sought is in the best interests of the child. It is argued that while affidavits are admissible in such a case they are entitled to but little weight, and may not be taken as controlling over testimony personally given in court; that the oral testimony abundantly shows that the respondent was guilty of misconduct adversely affecting the child, of excessive drinking and entertaining male visitors, of gross neglect in caring for the child, and that she is not a fit or proper person to have such custody; and that the court's decision can be justified only by basing it upon the affidavits and by completely disregarding the oral testimony.

There is nothing in the record to indicate that the court's decision rested solely upon the affidavits filed, nor that the oral testimony was disregarded. After the appellant had put on his five witnesses his counsel stated that he had one more witness, but that he would like to submit this witness' testimony by affidavit. The court said "All right," and then respondent's counsel stated that he had a subpoena for several witnesses, that "they were all here this morning," and that he would like to file affidavits. Appellant's counsel said "I have no objections to filing affidavits." Respondent's counsel then stated that he would put the appellant on the stand and then submit affidavits, giving appellant's counsel any reasonable time to answer. The respondent then took the stand and testified. At the conclusion of her testimony her counsel stated that he would submit the affidavits, and appellant's counsel asked whether he would be permitted to offer further evidence in open court. The court stated that this was the end of the hearing but that both parties could file additional affidavits if they desired. Appellant's

counsel stated he would like to file the affidavit of a rebuttal witness, whereupon the court gave the parties time in which to file affidavits and the matter was submitted on that basis.

Some 19 affidavits were filed in all, and the oral testimony takes up 66 pages of the transcript. The respondent's oral testimony conflicts with, and constitutes a complete denial of, all material matters contained in the oral testimony of appellant's witnesses. A similar conflict appears in the affidavits submitted by the respective parties. Nothing more than a conflict appears and the evidence on behalf of the respondent, both oral and in the form of affidavits, is ample to support the findings and order made. (*Woof* v. *Woof*, 75 Cal.App.2d 51 [169 P.2d 961].) It is suggestive that the appellant made no satisfactory explanation of why he originally agreed that custody be given to the respondent, or why he made no attempt to bring the alleged facts to the court's attention until two and one half years later, although he stated that he knew, before the divorce, that she had always neglected the child, that she had never shown any interest in it whatever, and that she had been guilty of serious misconduct.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.